# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| SPRING VICTORIA MARQUEZ, DIANE LEE MARQUEZ, RICO MARTINES, CORRINE GABALDON,<br><br>     *Plaintiffs*,<br><br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT AND DOES 1-20, INCLUSIVE,<br><br>     *Defendants*. | No. 24-cv-00580-JB-JFR |

## PLAINTIFFS' OPPOSITION TO FEMA'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

## INTRODUCTION

Plaintiffs SPRING VICTORIA MARQUEZ, DIANE LEE MARQUEZ, RICO MARTINES, CORRINE GABALDON are victims of the largest fire in New Mexico history—the Hermit's Peak/Calf Canyon Fire ("Fire")—caused by the U.S. Forest Service's prescribed burn on federal land. The Fire destroyed Plaintiffs' homes and belongings, forcing them to relocate. Plaintiffs did not just suffer economic losses from this disaster; they also suffered inconvenience, discomfort, annoyance, and interference with the use and enjoyment of their homes and properties.

To compensate for this and other such tragic loss, Congress passed the Hermit's Peak/Calf Canyon Fire Assistance Act (the "HPFAA" or "Act") and entrusted the Federal Emergency Management Agency (FEMA) to process and pay victims' claims for "actual compensatory damages measured by injuries suffered." HPFAA, §§ 102(b) 104(c)(3).

But FEMA shortchanged Plaintiffs (and all fire victims) by construing too narrowly the Act's compensatory language to exclude all noneconomic damages, without any basis in text and contrary to both New Mexico and federal laws. This misreading, codified in 44 C.F.R. § 296.21(a), led FEMA to deny Plaintiffs' claims for full compensation (inclusive of noneconomic damages). Plaintiffs brought this action to seek judicial review of FEMA's final determination of their claims as provided in the HPFAA.

FEMA has moved to dismiss for failure to exhaust administrative remedies. The Court should reject FEMA's Motion for three reasons.

2

First, administrative exhaustion is not jurisdictional and failure to exhaust does not mandate dismissal.

Second, FEMA's conduct has waived exhaustion by [1] admitting the issue presented is purely legal and submitting the issue for this Court's determination on the merits; and [2] staying administrative appeals pending this Court's determination on the legal issue of the availability of noneconomic damages.

Third, independent of and in addition to FEMA's own conduct that waived exhaustion, Plaintiffs' meet all the requirements for this Court to find waiver of the exhaustion requirement.

The Court should, deny FEMA's motion to dismiss ("Motion"). Alternatively, Plaintiffs request leave to amend to allege additional facts supporting their arguments as to why exhaustion should not be required.

## BACKGROUND

On April 6, 2022, the U.S. Forest Service initiated a prescribed burn in the Santa Fe National Forest, which is a federal land in San Miguel County, New Mexico. (Doc. No. 1 ¶ 15) (Complaint) The prescribed burn got out of control, causing a wildfire that spread to non-federal land, significantly damaging private property. (Doc. No. 1 ¶ 15.) The resulting Hermit's Peak/Calf Canyon Fire (hereinafter, the "Fire"), the largest in New Mexico history, forced thousands to evacuate, destroyed 903 structures (including hundreds of homes), and burned 341,471 acres. (*Id.*)

1.      **The Hermit's Peak/Calf Canyon Fire Assistance Act.**

Congress determined that the United States should compensate the victims of the Fire.  (Doc. No. 1, ¶ 17.) On September 30, 2022, Congress enacted—and the President signed—the Act. The HPFAA has two stated purposes [1] "to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire" and [2] "to provide for the **expeditious** consideration and settlement of claims for those injuries." (Doc No. 1, ¶¶ 18–19; HPFAA, Pub. L. No. 117-180, § 102(b). (Emphasis added.)

The Act designated FEMA as the administrator of claims under the Act and gave FEMA 45 days to publish regulations for processing and administering claims submitted under the Act. (HPFAA at § 104(c)(3).) The Act further mandates that "[n]ot later than 180 days after the date on which a claim is submitted under this Act, the Administrator *shall* determine and fix the amount, if any, to be paid for the claim. (HPFAA at § 104(c)(3), emphasis added.)

The Act also authorized victims to seek administrative review (including binding arbitration) and judicial review of any final decision of the Administrator. It provides: "Any claimant aggrieved by a final decision of the Administrator under this Act may, not later than 60 days after the date on which the decision is issued, bring a civil action in the United States District Court for the District of New Mexico, to modify or set aside the decision, in whole or in part." HPFAA at § 104(i)(1).

2.      **FEMA's regulations cause delay and several disputes.**

FEMA published Final Rules implementing the Act, including regulations governing the administration of Fire victims' claims.  Several of these regulations have caused significant delay and denial of compensation owed to claimants under the Act. Portions of FEMA's Final Rule are the subject of several ongoing disputes and lawsuits between fire victims and FEMA.

One such dispute involves the availability of non-economic damages under the Act.  The Act provides that "the laws of the State of New Mexico shall apply to the calculation of damages."[1] (Doc. 1 at ¶ 22.) Compensatory damages under New Mexico law generally include noneconomic damages. (*Id.* ¶ 22–24.) But FEMA declared that noneconomic damages are *not* permitted under the Act.  (*Id.* at ¶ 26. HPCFAA, 88 Fed. Reg. at 59,743–59,744.)  Claimants are challenging this aspect of the Final Rule in *Dolan v. Federal Emergency Management Agency*, Case No. 23-cv-00908-JB-JFR ("*Dolan*").

Another dispute involves FEMA's claims-processing procedures.  The Act requires FEMA to process claims within 180 days from the date of receipt. Yet FEMA's regulations provide that the agency will process claims within 180 days after FEMA "acknowledges" the claim, which allows FEMA to delay payments indefinitely and arbitrarily. Claimants have challenged this aspect of the Final Rule

---

[1]      The statute also incorporates "injury" as used by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), which also defines injury "in accordance with the law of the place where the act or omission occurred." (Doc. No. 1, ¶ 22 n.10.)

as well.  (*See Montoya v. Federal Emergency Management Agency*, Case No. 23-cv-00977-JB-JFR ("*Montoya*") Doc. 3.)

The *Montoya* claimants further allege that FEMA has failed to comply even with its own interpretation that it can wait until it acknowledges a claim before its 180-day deadline to make an offer on the claim starts to run. (*Montoya*, Doc. 3 and Doc. 57.) This aspect of the Final Rule is being challenged in several cases filed with this Court, including *Montoya*, Case No. 23-cv-00977. The claimants in those cases entered into a settlement agreement with FEMA wherein FEMA agreed to take several affirmative acts to process claims within 180-days from receipt of notice of the claim. (*Montoya*, Doc. 57.) However, the *Montoya* plaintiffs have asked this Court to enforce the settlement because FEMA is still not processing claims within 180 days as promised. In fact, some claims have been pending for nearly one-year from when FEMA received notice of the claim, with no resolution. (*Montoya*, Doc. 57.)

Another dispute involves FEMA's failure to finalize Administrative Appeal regulations. Among other important missing guidelines, FEMA provides no deadline for it to make a determination on the appeal. *See* 44 C.F.R. § 296.41. FEMA's failure to impose a deadline on itself to render a decision on appeal contravenes the "expeditious consideration and settlement of claims" as required by the Act. FEMA's final rule regarding its administrative appeal, including failing to finalize its guidelines, is the subject of two cases presently before this Court — *Seaverns v. FEMA*, Case No. 24-cv-00207 and *Cavitt-Olguin v. FEMA*, Case No. 24-cv-00242.  In addition, FEMA has decided to stay all administrative appeals

6

pending this Court's ruling on the noneconomic damages in *Dolan*. (Lothyan Dec. ¶ 4.) Thus, FEMA is refusing to even process the appeals and issue final determinations on claims.

### 3.   This Lawsuit.

Plaintiffs in this case submitted claims to FEMA pursuant to the Act. (Doc. 1, at ¶¶ 9–13.) When FEMA provided a determination on Plaintiffs' claims, it denied noneconomic damages. (Doc. 1, at ¶¶ 9–13.) Plaintiffs now seek judicial review of FEMA's denials of noneconomic damages, among other things. (Doc No. 1. ¶¶ 9–13.) Plaintiffs allege that FEMA's denials are inconsistent with both the Act and New Mexico Law. (*Id.* ¶¶ 25–26, 31–32.)

### ARGUMENT

FEMA argues Plaintiffs action should be dismissed for lack of jurisdiction in failing to exhaust administrative remedies by not completing the appeal process. But this Court previously found that the administrative appeal provided in FEMA's Final Rule is nonjurisdictional and waivable. In addition, all the requirements for waiver are present.

### 1.   Failure to exhaust administrative remedies is *not* jurisdictional and can be waived.

FEMA argues Plaintiffs must complete the appeal process before this Court has jurisdiction under the Act to review FEMA's determination on Plaintiffs' claims. FEMA is wrong.

As a threshold matter, it is important to note that exhaustion is presumptively nonjurisdictional; instead, it is a *waivable* affirmative defense – and

in this case, FEMA has waived it. *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1248 (D.C. Cir. 2004); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) ("the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense."). As the Tenth Circuit has explained, "exhaustion can be mandatory yet not bear on a federal court's subject-matter jurisdiction." *Kansas by & through Kansas Dep't for Child. & Fams. v. SourceAmerica*, 874 F.3d 1226, 1249 (10th Cir. 2017); See *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976.).

This Court previously analyzed whether HPFAA claimants are required to exhaust FEMA's administrative appeal set forth in its Final Rule before invoking this Court's jurisdiction. *See Vigil v. Federal Emergency Management Agency,* 2024 WL 2404487 at *28–29 (Judge Browning, May 23, 2024.)

In *Vigil*, a case also challenging FEMA's conduct as the Administrator of claims under the HPFAA, this Court determined the Act's express waiver sovereign immunity waiver for this Court's jurisdiction consisted of two elements. First a jurisdictional requirement that claims be presented to FEMA. Second, a nonjurisdictional waivable requirement that the claimants exhaust their administrative remedies resulting in a final decision. *Vigil,* 2024 WL 2404487 at *29, citations omitted.

In this case, Plaintiffs have unquestionably met the first jurisdictional requirement because they presented claims to FEMA and have received a determination. (Doc. 1, at ¶¶ 9-13.) But the issue presented in FEMA's motion -- exhaustion of administrative remedies is – as this Court held in *Vigil* – a nonjurisdictional affirmative defense and thus must be denied if waived.

2.     **FEMA waived its administrative exhaustion defense.**

Waiver can be established in two ways. *Bartlett v. Schweiker*, 719 F.2d at 1061. First, an exhaustion requirement is waived if "no further review is warranted either because the internal needs of the agency are fulfilled or because the relief sought is beyond his power to confer." *Vigil*, 2024 WL 2404487 at *30 (quoting *Bartlett v. Schweiker*, 719 F.2d at 1061). Second, a reviewing court may find a waiver of exhaustion where it determines that exhaustion would be futile or against the interest of justice. *Id*. Both exist here, as explained below.

2.1.     **FEMA has waived exhaustion by taking the position that noneconomic damages are not permitted under the Act.**

FEMA's conduct can waive the exhaustion requirement if it shows "that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief sought is beyond his power to confer." *Vigil*, 2024 WL 2404487 at *30 (quoting *Bartlett v. Schweiker*, 719 F.2d at 1061).

In *Mathews v. Diaz*, 426 U.S. 67, 76–77 (1976), applicants seeking Medicare under Social Security Act challenged their disqualifications for failing to meet the five-year residency requirement. *Id* at 69–70. Secretary moved to dismiss for failure to exhaust administrative remedies, but conceded applicants could not be allowed benefits under the statute and thus their application for benefits could be treated as final. *Id*. at 72.

Similarly, here, FEMA has published in its Final Rule that claimants are not allowed noneconomic damages under the Act. HPCFAA, 88 Fed. Reg. at 59,743– 59,744; *see also Dolan v. Federal Emergency Management Agency*, Case No. 23-cv-

00908-JB-JFR. FEMA has also denied Plaintiffs claims for noneconomic damages because based on its belief such damages are excluded under the Act. (Doc 1 ¶¶ 9-13.) FEMA has also stayed the administrative appeals that have been filed pending this Court's determination of whether noneconomic damages are permissible under the Act because FEMA's decision to deny of noneconomic damages will not change on appeal. (Lothyan Dec. ¶ 4.)

Given this, there is no reason to exhaust administrative remedies because FEMA believes that the requested relief "is beyond the agency's power to confer." *Vigil*, 2024 WL 2404487 at *30 (quoting *Bartlett v. Schweiker*, 719 F.2d at 1061. Just as in *Mathews*, FEMA's determination should be treated as final, and that exhaustion has been waived.

Moreover, because FEMA's interpretation is "purely a question of statutory interpretation," and one already before this Court in *Dolan v. FEMA*, Case No. 23-cv-00908-JB-JFR, it makes sense for the Court to address it directly without further administrative exhaustion. *Forest Guardians*, 641 F.3d at 433. Resolution of this issue requires no "particular expertise on the part of [FEMA's] appeal board"; the Act's "proper interpretation is certainly not a matter of discretion." *Id*. Nor is this a factual matter needing further record development. *See Rocky Mountain Oil & Gas Ass'n v. Watt*, 696 F.2d 734, 744 (10th Cir. 1982) ("*Watt*") ("Our review of this [purely legal] question would not be significantly aided by this proliferation of paperwork" presented through administrative appeal.)

Compelling exhaustion for exhaustion's sake serves none of the purposes of exhaustion when, as here, the question presented is "one of statutory

interpretation." *McKart v. U.S.*, 395 U.S. 185, 197–99 (1969). This is especially true where, as here, the agency has submitted the question to the district court for a decision on the merits. *See Dolan v. Federal Emergency Management Agency*, Case No. 23-cv-00908-JB-JFR

Because deferring judicial review serves no purpose here, the Court should address the merits of this purely legal controversy rather than dismissing it on procedural grounds. *See McGee v. U.S.*, 402 U.S. 479, 486 (1971) (where a dispute centers on a legal question, the interest in "full administrative fact gathering and utilization of agency expertise" is not harmed by earlier judicial scrutiny); *e.g., Frontier Airlines, Inc. v. Civil Aeronautics Bd.*, 621 F.2d 369, 370–71 (10th Cir. 1980) (excusing a statutory exhaustion requirement because the case presented a question of pure statutory interpretation); *Watt*, 696 F.2d at 744 (same).

FEMA's conduct has established that mandating further administrative proceedings would not serve the exhaustion doctrine's prudential interests and would undermine the Act's purposes of providing expeditious compensation. *See Bowen v. City of New York*, 476 U.S. 467, 484 (1986) ("application of exhaustion doctrine is 'intensely practical'.... The ultimate decision of whether to waive exhaustion ... should be guided by the policies underlying the exhaustion requirement.")

Excusing exhaustion here would also serve the Act's dual purposes of compensating the Fire victims and providing "expeditious consideration and settlement of claims." § 102(b)(1)–(2). Victims would expeditiously obtain

11

compensation, including noneconomic damages, without the unnecessary exhaustion.

As such, Plaintiffs request the Court deny FEMA's motion to dismiss and find it waived the exhaustion requirement.

**2.2.    Exhaustion should also be deemed waived because Plaintiffs' claim raises an issue collateral to the substantive claim of entitlement and denial of relief will cause irreparable harm.**

Plaintiffs can also establish the second way for this Court to find waiver. "Waiver is warranted if the claim is (1) collateral to a substantive claim of entitlement (collaterality); (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability); and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Vigil*, 2024 WL 2404487 at *30 quoting *Sensory Neurostimulation, Inc., v. Azar*, 977 F.3d 969, 981 (9th Cir. 2020), *Rylee v. Apfel*, No. CIV 98-1314, 1999 WL 35808938, at *1 (D.N.M. September 1, 1999) (Svet, M.J.). This test applies with full force here.

### 2.2.1.  Plaintiff's action raises collateral issues.

The Supreme Court has held issues that raise constitutional challenges or violation of due process rights meet the collateral requirement for waiver of exhaustion of administrative remedies. See *Mathews v. Eldridge*, 424 U.S. 319, 321 (1976).

Here Plaintiffs raise two issues that challenge aspects of FEMA's Final Rule as unlawful and in violation of their constitutional rights.

First, Plaintiffs' action raises whether FEMA has adopted an unlawful Final Rule excluding noneconomic damages under the Act. (Doc. 1 ¶ 22–26, 32.) This results

in a deprivation of property owed to Plaintiffs. See *Mathews v. Diaz*, 426 U.S. 67, 76–77 (1976).

The Fifth Amendment guarantees that the government will not deprive its citizens of property without due process of law. U.S.C.A. Const. Amend. 5; *Mathews v. Eldridge*, 424 U.S. at 332. "Property" in this context extends beyond real estate or physical possessions and can include rights to government benefits. *Ass'n of Cmty. Orgs for Reform Now v. FEMA* (D.C. Dist. Ct. 2006) 463 F. Supp. 2d 26, 33; *Goldberg v. Kelly*, 397 U.S. 254 (1970); *Mathews v. Eldridge*, 424 U.S. at 332. "It has long been recognized that benefits distributed by the government are a form of property protected by the due process clause." *Ridgely v. FEMA*, 512 F.3d 727, 735 (5th Cir. 2008). Due process must attach to the process of determining eligibility, or ineligibility to receive benefits, whether at the outset or after receipt of benefits. *Wright v. Califano*, 587 F.2d 345, 354 (7th Cir. 1978).

FEMA has violated Plaintiffs' due process rights in refusing to award noneconomic damages in which they are lawfully entitled. Plaintiffs' action collaterally challenges FEMA's Final Rule that excludes noneconomic damages as a category of damages available to Plaintiffs. See *Mathews v. Diaz*, 426 U.S. 67, 76–77 (1976); Doc. 1, ¶¶ 32–33. This is "[m]uch like the class members' claim that the defendants 'had adopted an unlawful, unpublished policy under which countless deserving claimants were denied benefits' in the Supreme Court's decision in *Bowen v. City of New York*, 476 U.S. 467, 473 (1986)." *Vigil*, 2024 WL 2404487 at *30.

Second, FEMA has also violated Plaintiffs' due process rights in withholding property owed to Plaintiffs by delaying payment under the Act. Plaintiffs collaterally

challenge FEMA's right to include an administrative appeal process that results in a final determination of claims much later than 180 days from submission of the claim, ongoing delay, and FEMA's failures to provide completed guidelines for the administrative appeal process. FEMA provides no deadline for it to render a final decision on appeal and as provided above, FEMA has stayed all pending administrative appeals.

### 2.2.2. Denial of relief will cause irreparable harm.

Waiver is also warranted because requiring Plaintiffs to exhaust their claims would cause them irreparable harm and exacerbate already significant delays. The Act expressly mandates that Plaintiffs are entitled to **expeditious** compensation for injury suffered as a result of the Fire. HPFAA, § 104(c)(3), 136 Stat. 2168, 2170, emphasis added.

The Act provides consistent provisions of mandated deadlines to ensure claims are processed quickly — 45 days for FEMA to publish regulations, 180 days for a claim determination, 60 days for claimants to seek judicial review. HPFAA, §§ 104(c)(3), 104(f)(1), and 104(i)(1).

But when FEMA published its regulations, which included an administrative appeal process, FEMA provided no deadline for FEMA to make a determination on an administrative appeal. See 44 CFR § 296.41. FEMA's final rule regarding its administrative appeal, including failing to finalize its guidelines, is the subject of two cases presently before this Court — *Seaverns v. FEMA*, Case No. 24-cv-00207 and *Cavitt-Olguin v. FEMA*, Case No. 24-cv-00242. In those two cases, the plaintiffs

allege FEMA's failure to implement certain guidelines for its administrative appeal process in violation of the Administrative Procedure Act (APA).

Relevant here, FEMA's failure to provide critical appeal guidelines, including deadlines for FEMA to render a decision on the appeal, can result in Plaintiffs' claim languishing in the administrative appeal stage. And Plaintiffs concerns are realized as administrative appeals are in fact languishing since FEMA has stayed the administrative appeal process pending this Court's determination on the availability of noneconomic damages under the Act. (Lothyan Decl. ¶ 4, Ex. 3.) FEMA's decision to stay the administrative appeals comes after FEMA has already taken positions that have resulted in significant delays in processing claims, including refusing to process claims within 180 days of receipt.

Congress' intent is clear. FEMA is obligated to **expeditiously** consider and settle claims. It is now over two years after the Fire and FEMA seeks to cut off Plaintiffs' ability to seek judicial review of its determination by requiring Plaintiffs to proceed with an administrative appeal that has no timeline.

Plaintiffs will be irreparably harmed if required to file an appeal with no end in sight and more importantly, only for the appeal to be stayed. Such a requirement will prevent Plaintiffs from receiving expeditious compensation as intended and required by the Act.

### 2.2.3. Exhaustion would be futile.

Finally, waiver is appropriate because exhaustion would be futile. The Supreme Court "has consistently recognized a futility exception to exhaustion requirements." *Carr v. Saul*, 593 U.S. 83, 93 (2021); see also *Forest Guardians*, 641

F.3d at 433 (citing *Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp.*, 440 F.3d 992, 1000 (8th Cir. 2006) (noting that exhaustion requirement may be excused "if further administrative procedures would be futile").

As mentioned, FEMA's regulation excludes noneconomic damages from compensatory damages. 44 C.F.R. § 296.21(a); Lothyan Decl. ¶¶ 2–3, Exs. 1 and 2. Accordingly, FEMA will "certain[ly]" deny Plaintiffs' claims for noneconomic damages on administrative appeal. *Shawnee Trail Conservancy v. U.S. Dep't of Agric.*, 222 F.3d 383, 389 (7th Cir. 2000). No appeal or further record development could change that outcome. *See McKart*, 395 U.S. at 199 ("Since judicial review would not be significantly aided by an additional administrative decision of this sort, we cannot see any compelling reason why petitioner's failure to appeal should bar his only defense to a criminal prosecution."). Compelling exhaustion here would be futile—"a vain exercise" that "rarely protect[s] administrative agency authority or promote judicial efficiency." *Carr*, 593 U.S. at 93 (cleaned up).

The Court, therefore, should *not* dismiss this action and compel such futility. *See, e.g.*, *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005) (because "the purposes of exhaustion would not be served here by requiring [plaintiff] to exhaust his administrative remedies," "exhaustion would be futile").

**3.    If the Court disagrees with plaintiffs, they should be given leave to amend to show why exhaustions should be waived.**

Should the Court disagree with the foregoing, it should withhold any ruling on FEMA's motion and instead grant Plaintiffs leave to amend to allege additional facts to support any exhaustion excuses. Particularly since this is the first rule 12(b)

16

challenge, the Court should freely give Plaintiffs an opportunity to cure any deficiencies. See *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (holding that, under rule 15(a)(2), "[t]he court should freely give leave when justice so requires" in order to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'")

### CONCLUSION

Plaintiffs respectfully request that the Court deny FEMA's Motion to Dismiss. If the Motion is granted, Plaintiffs request an opportunity to cure any pleading defects the Court found.

Dated: September 26, 2024

Respectfully submitted:
SINGLETON SCHREIBER, LLP

*/s/ Jonna D. Lothyan*

Gerald Singleton
Benjamin I. Siminou
Jonna D. Lothyan
SINGLETON SCHREIBER LLP
591 Camino de la Reina, Ste 1025
San Diego, CA 92108
(619) 704-3288
*gsingleton@singletonschreiber.com*
*bsiminou@singletonschreiber.com*
*jlothyan@singletonschreiber.com*

Brian Colón
Jacob Payne
SINGLETON SCHREIBER LLP
6501 Americas Pkwy. NE, Ste. 670
Albuquerque, NM 87110
(505) 587-3473
*bcolon@singletonschreiber.com*
*jpayne@singletonschreiber.com*

Counsel for Plaintiffs

17

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2024, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Jonna D. Lothyan*
Jonna D. Lothyan