**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SPRING VICTORIA MARQUEZ, DIANE LEE MARTINEZ, RICO MARTINEZ, AND CORRINE GABALDON,

Plaintiffs,

vs. No. CIV 24-0580 JB/JFR

FEDERAL EMERGENCY MANAGEMENT AGENCY, and DOES 1-20 Inclusive,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Judicial Review Hearing, held on June 17, 2026. See Clerk's Minutes at 1, filed June 17, 2026 (Doc. 59). The primary issue is how much compensation Defendant Federal Emergency Management Agency ("FEMA") must provide each individual Plaintiff. The Court concludes that FEMA shall pay: (a) $20,746.64 to Plaintiff Spring Victoria Marquez, which includes $15,000.00 in non-economic nuisance damages; (b) $157,472.88 to Plaintiff Diane Lee Martinez, which includes $100,000.00 in noneconomic nuisance damages; (c) $27,773.85 to Plaintiff Rico Martinez, which includes $21,000.00 in noneconomic nuisance damages; and (d) $174,714.21 to Plaintiff Corrine Gabaldon, which includes $75,000.00 in noneconomic nuisance damages.

**ANALYSIS**

The Plaintiffs request that the Court conduct a judicial review hearing under the Hermit's Peak Act § 104(i). Under the Hermit's Peak Act, at a judicial review hearing, the Court upholds FEMA's claim determinations which substantial evidence supports. See Hermit's Peak Act § 104(i)(3) ("The decision of the Administrator incorporating the findings of the Administrator shall be upheld if the decision is supported by substantial evidence on the record considered as a

whole."). "To satisfy the substantial evidence standard, an agency need only rely on 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Andalex Res., Inc. v. Mine Safety & Health Admin., 792 F.3d 1252, 1257 (10th Cir. 2015)(quoting Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007)). The standard "requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d at 1084. Courts conducting substantial evidence review "neither reweigh the evidence nor substitute [their] judgment for that of the agency." Branum v. Barnhart, 385 F.3d 1268, 1270 (10th Cir. 2004). Substantial evidence review "is 'very deferential to the agency,'" and "'a presumption of validity attaches to the agency action and the burden of proof rests with the parties who challenge it.'" BNSF R. Co. v. U.S. Dep't of Lab., 816 F.3d 628, 638 (10th Cir. 2016)(quoting Ron Peterson Firearms, LLC v. Jones, 760 F.3d 1147, 1161-62 (10th Cir. 2014)).

> The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. Thus, we may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.

Plateau Mining Corp. v. Fed. Mine Safety & Health Rev. Comm'n, 519 F.3d 1176, 1194 (10th Cir. 2008)(quoting Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004)). See McCray v. Soc. Sec. Admin., 435 F. Supp. 3d 1186, 1193 (D.N.M. 2020)(Browning, J.)(describing substantial evidence standard of review). When conducting the HPA's substantial evidence review, the Court must limit its review to documents that FEMA has "before FEMA issues the decision which the Court is reviewing." Gallegos v. Fed. Emergency Mgmt. Agency, No. CIV 24-0170 JB/JFR, 2025 WL 2029724 at * 28 (D.N.M. July 21, 2025)(Browning, J.)("Gallegos").

## I. THE COURT MODIFIES FEMA'S FINAL DECISIONS.

In this section, the Court, pursuant to § 104(i), modifies FEMA's final decision for each Plaintiff. As discussed above, the final decision under § 104(i) review is each Plaintiff's final

Letter of Determination, which FEMA issues before the judicial review hearing. The Court addresses each Plaintiff in turn.

**A. THE COURT MODIFIES FEMA'S FINAL DECISION FOR MARQUEZ AND ENTERS $20,746.64 IN TOTAL COMPENSATION.**

The Court modifies FEMA's final decision for Marquez and enters $20,746.64 in total compensation, which includes $15,000.00 in non-economic nuisance damages. The parties agree that FEMA's final economic damages offer for Marquez is $4,758.70 and that Marquez challenges only FEMA's denial of her $200,000.00 non-economic nuisance damages request. See Final Letter of Determination for Claim No. 00006424 from FEMA to Marquez at 1 (dated August 20, 2024)(Marquez-AR-0108); Transcript of Judicial Review Hearing at 49:14-19 (taken June 17, 2026)(Court, Berkstresser)("Tr.").[1] In FEMA's final Letter of Determination, FEMA awards $0.00 for non-economic damages. See Final Letter of Determination for Claim No. 00006424 from FEMA to Marquez at 3 (dated August 20, 2024)(Marquez-AR-0110). Neither the law nor substantial evidence supports giving Marquez $0.00 in non-economic damages. Marquez tells FEMA that she is entitled to damages for nuisance, because the evacuation from the Hermit's Peak Fire "will forever be a horrible memory for her." Marquez Notice of Loss Attachment # 1 (dated January 15, 2023)(Marquez-AR-0238). As Marquez evacuated, "she saw flames about 1 mile away coming over the ridge at high rate, and there was just ash falling everywhere . . . . [I]t was very scary." Marquez Notice of Loss Attachment # 1. Further, during the evacuation Marquez had to leave so quickly that she leaves her dog behind, and although "[l]uckily her dog lived, [it] developed severe abandonment issues and PTSD." Marquez Notice of Loss Attachment # 1. Finally, Marquez asserts that she chose her home because of "the scenery from her back door,"

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

and now the "view that many take for granted is now just burn scars all over the mountain." Marquez Notice of Loss Attachment # 1.

FEMA maintains its objection that the agency should not award any noneconomic damages, because, according to FEMA, the HPA does not provide, as a matter of law, compensation for noneconomic damages. See Tr. at 7:6-8, 15-16 (Sydow)("The last thing that I wanted to say was just making a couple of kind of overarching remarks regarding claims for noneconomic damages . . . . The first is we preserve our objection to the availability of non-economic damages."). FEMA does not point to any record evidence which disputes Marquez' noneconomic damages request. Thus, the Court concludes that neither the law nor substantial evidence supports the $0.00 non-economic damages figure in the Marquez Letter of Determination, which is the "final decision" under review here. HPA § 104(i). On the other hand, Marquez' request for $200,000.00 for the discomfort, inconvenience, and annoyance that she has suffered is too much.[2] This number is disproportionate to awards for other claimants in similar circumstances. The Court determines that $15,000.00 is a more appropriate reflection of Marquez' noneconomic damages, because the Marquez Notice of Loss describes how the Hermit's Peak Fire forces Marquez to evacuate in very stressful circumstances, causing not insignificant discomfort, inconvenience, and annoyance.

---

[2] The Court notes that, under New Mexico law, noneconomic damages related to property damage are only available for private nuisance damages and not for emotional distress. See Castillo v. City of Las Vegas, 2008-NMCA-141 ¶¶ 22, 28, 145 N.M. 205, 210-13, 195 P.3d 870, 875-78. Accordingly, the Court will award noneconomic damages to Marquez only as these damages stem from nuisance -- her discomfort, annoyance, or inconvenience. See Aguayo v. Vill. of Chama, 1969-NMSC-005 ¶¶ 5-7, 79 N.M. 729, 731, 449 P.2d 331, 333; Dolan v. Fed. Emergency Mgmt. Agency, 760 F. Supp. 3d 1200 (D.N.M. 2024)(Browning, J.)("The Court predicts that the Supreme Court of New Mexico would follow the Restatement to allow explicit recovery of noneconomic damages for 'discomfort an annoyance' resulting from the nuisance.").

FEMA proposes a contingent award for non-economic damages of $1,000.00 to Marquez. See Brief at 13; Tr. at 51:8-11 (Yang). FEMA bases this award off a calculation "for annoyance and inconvenience associated with a claimant's evacuation by multiplying the number of evacuation days by $17 per day per claimant." Brief at 13. FEMA derives this per-diem rate from the "calculation of similar non-economic damages in Padilla v. Lawrence, 1984-NMCA-064, 101 N.M. 556, 685 P.2d 964." Brief at 13. Marquez evacuates for a total of thirty-two days, which multiplied times 17 yields a total of $544.00 in noneconomic damages for Marquez according to FEMA. See Brief at 13. Because "this total is lower than the $1,000 minimum amount that FEMA has employed in other awards of noneconomic damages," FEMA raises its contingent award offer to $1,000.00. Brief at 13.

The Court highlights that Marquez does not seek judicial review of FEMA's offer at the hearing, because that offer is neither "a final decision of the Administrator" by which Marquez is "aggrieved," nor is it a "final decision" which Gallegos asks the Court to "modify or set aside." HPA § 104(i)(1). Instead, Marquez asks the Court to modify or set aside FEMA's final decision in the Marquez Letter of Determination. See Complaint ¶¶ 10, 32, filed June 7, 2024 (Doc. 1). Thus, because FEMA's contingent offer is not under § 104(i)(1) review, FEMA's contingent offer is not subject to substantial-evidence review. Nevertheless, FEMA's offer is helpful to the Court's thinking and analysis. The Court concludes, however, that substantial evidence also does not support FEMA's $1,000.00 offer, because that offer is almost $0.00 and does not reflect the not insignificant discomfort, inconvenience, and annoyance that Marquez experiences during her evacuation and subsequent displacement. FEMA's reliance on Padilla v. Lawrence, 1984-NMCA-064, 101 N.M. 556, 685 P.2d 964 ("Padilla") does not counsel a different conclusion. FEMA calculates its $17.00 per-diem "drawing on Padilla v. Lawrence and updating the damages awarded in that case to the date of the Fire . . . ." Administrative Appeal Decision, Claim No. 6728, Anne

T. Bernal at 8 (dated April 3, 2026)(Arellin-Bernal-JR-AR-0999).[3] The nuisance in Padilla, however, stems from the nearby presence of a factory plant, which "resulted in plaintiffs' exposure to odors, dust, noise, and flies . . . ." Padilla, 1984-NMCA-064 ¶ 6, 685 P.2d at 967, 101 N.M. at 559. Although the plaintiffs in Padilla suffer a nuisance, the Court concludes that the claimants here suffer a significantly greater nuisance -- having to escape from an out-of-control fire and displacement from their homes -- than the plaintiffs in Padilla, and, accordingly, the claimants here are entitled to a greater award of nuisance damages than the plaintiffs in Padilla. The Court orders FEMA to pay Marquez $15,000.00 in non-economic damages, which added to $4,758.70 of economic damages, results in an award of $19,758.70 total compensatory damages. This results in a claim preparation expenses award of $987.94.[4] Totaled together, the Court awards Marquez a total award of $20,746.64.

---

[3] The Court finds FEMA's explanation for its noneconomic damages awards formula in the Administrative Record of a case that is not currently before the Court: Arrellin et al., v. FEMA, No. CIV 24-0979 JB/JFR ("Arellin"). In its Brief in the current case, FEMA points the Court to its Pre-Hearing Brief, filed April 14, 2026 (Doc. 105), in Arellin, for explanation how FEMA is calculating noneconomic damages. Brief at 13 ("see also Arrellin, Doc. 105 at 8-10, 18 (explaining FEMA's methodology for calculating contingent noneconomic damage offers)"). Looking to FEMA's Pre-Hearing Brief in Arellin, however, the Court does not find a discussion of FEMA's calculation of noneconomic damages in the brief itself, but instead in the portion of the Administrative Record which FEMA cites in Arellin. It is to this portion of the Arellin Administrative Record, therefore, that the Court cites here.

The Court finds it odd how FEMA calculates damages for noneconomic damages. Tort lawyers, courts, mediators, and insurance companies do not find a 1987 Court of Appeals of New Mexico case, see what the damages are there, and then use these 1987 damages to calculate damages in 2026. New Mexico is very different in 2026 than it was in 1987. Juries are much more generous than they were in 1987. Judges in bench trials try to be equally generous. No one in the tort world comes up with a formula like FEMA does to award noneconomic damages. Tort lawyers, insurance companies, courts, and mediators look to the individual and not some formula based on a 1987 Court of Appeals of New Mexico case.

[4] The amount that the Court awards for claim preparation expenses is "the greater of $150 or 5% of the Act's compensatory damages and insurance proceeds recovered by the claimant for Hermit's Peak/Calf Canyon Fire related injuries (not including the lump sum payment or monies reimbursed under the Act for the purchase of flood insurance) but [does] not exceed $25,000." 44 C.F.R. 296.31(b).

**B. THE COURT MODIFIES FEMA'S FINAL DECISION FOR D. MARTINEZ AND ENTERS $157,472.88 IN TOTAL COMPENSATION.**

The Court modifies FEMA's final decision for D. Martinez and enters $157,472.88 in total compensation, which includes $100,000.00 in noneconomic nuisance damages. The parties agree that FEMA's final economic damages offer for D. Martinez is $49,974.17 and that D. Martinez challenges only FEMA's denial of her $100,000.00 non-economic nuisance and emotional damages request. See Final Letter of Determination for Claim No. 00009667 from FEMA to D. Martinez at 2 (dated April 18, 2024)(D. Martinez-AR-0004); Tr. at 54:4-9 (Court, Berkstresser). In FEMA's final Letter of Determination, FEMA awards $0.00 for non-economic damages. See Final Letter of Determination for Claim No. 00009667 from FEMA to D. Martinez at 1 (D. Martinez-AR-0003). Neither the law nor substantial evidence supports giving D. Martinez $0.00 in non-economic damages. D. Martinez files on behalf of four people: herself, Alisha Martinez, Gary Esquibel, and Mark Martinez. See D. Martinez Notice of Loss at 1 (dated September 21, 2023)(D. Martinez-AR-0112). D. Martinez tells FEMA that "[d]uring evacuation claimants had to get out of their home as soon as possible." D. Martinez Notice of Loss at 4 (D.Martiniez-AR-0115). Gary Esquibel is fully disabled, which made evacuation "very difficult and chaotic." D. Martinez Notice of Loss at 4. "Claimants could see the flames closing in on them as they were leaving town and they were terrified they weren't going to be able to escape them." D. Martinez Notice of Loss at 4. D. Martinez and her family remain evacuated for four days before returning to a home with smoke and ash damage. D. Martinez Notice of Loss at 4.

FEMA maintains that the agency should not award any noneconomic damages, because, according to FEMA, the HPA does not provide compensation for noneconomic damages as a matter of law. See Final Letter of Determination for Claim No. 00009667 from FEMA to D. Martinez at 1 (dated April 18, 2024)(D. Martinez-AR-0003); Tr. at 7:6-8, 15-16 (Sydow). As

discussed above, a legal argument is not substantial evidence. Thus, the Court concludes that neither the law nor substantial evidence supports the $0.00 noneconomic damages figure in the D. Martinez Letter of Determination, which is the "final decision" under review here. HPA § 104(i)(1).

FEMA first offers D. Martinez a contingent award of $1,000.00 "for annoyance and inconvenience damages for evacuation and loss of use of real property" in its Brief. Brief at 15. Using the same $17.00 per-diem rate for each day of evacuation per person, FEMA calculates a contingent award of $340.00 for annoyance and inconvenience damages for evacuation. See Brief at 15. Because D. Martinez receives $42,985.60 in compensation for real-property damages from FEMA, FEMA calculates $429.86 in nuisance damages for "loss of use of her real property." Brief at 15. The two awards together reach a total of $769.86 for noneconomic damages. Because this total is "lower than the $1,000 minimum amount that FEMA has employed in other awards of noneconomic damages," FEMA raises its contingent award offer to $1,000.00. Brief at 15. At the judicial review hearing, however, "recognizing that this Court may find the 17 dollars per day offer quite low," Tr. at 56:15-16 (Yang), FEMA proposes a total award for noneconomic damages of $9,375.00. Tr. at 57:1-3 (Yang). As discussed above, FEMA's contingent award offer is not under § 104(i) substantial evidence review. FEMA's offer is, however, helpful to the Court's thinking and analysis. The Court nevertheless concludes that both FEMA's $1,000.00 offer and its increased $9,375.00 offer are not reasonable, because they do not reflect accurately the Martinez' discomfort, inconvenience, and annoyance. This claim for noneconomic damages represents the annoyance and discomfort that four different people suffer during the evacuation from the Hermit's Peak Fire. Further, one of the claimants is fully disabled, which makes evacuation even more difficult and uncomfortable. Thus, the Court concludes that neither the law nor substantial evidence supports either FEMA's offer in the Brief or at the hearing. Accordingly, the Court

modifies FEMA's final decision and enters $100,000.00 in noneconomic damages, because D. Martinez' request is reasonable, and the evidence in the record supports annoyance and inconvenience in that amount. Added to FEMA's award of $49,974.17 of economic damages results in a total compensatory award of $149,974.17. This subtotal results in a claim preparation expenses award of $7,498.71. Totaled together, the Court modifies D. Martinez' award to $157,472.88.

### C. THE COURT MODIFIES FEMA'S FINAL DECISION FOR R. MARTINEZ AND ENTERS $27,773.85 IN TOTAL COMPENSATION.

The Court modifies FEMA's final decision for R. Martinez and enters $27,773.85 in total compensation, which includes $21,000.00 in noneconomic nuisance damages. The parties agree that FEMA's final economic damages offer for R. Martinez is $6,451.29 and that R. Martinez challenges only FEMA's denial of his $75,000.00 non-economic nuisance damages request. See Final Letter of Determination from FEMA to R. Martinez for Claim No. 00008324 at 1 (dated April 20, 2024)(R. Martinez-AR-0002); Tr. at 58:22-59:2 (Court, Berkstresser). In FEMA's Final Letter of Determination, FEMA awards $0.00 for noneconomic damages. See Final Letter of Determination from FEMA to R. Martinez at 1 (R. Martinez-AR-0002). Neither the law nor substantial evidence supports giving R. Martinez $0.00 in non-economic damages. R. Martinez files on behalf of himself and his daughter, Henrietta Martinez. See R. Martinez Notice of Loss at 1 (dated June 1, 2023)(R. Martinez-AR-0026). R. Martinez tells FEMA that his home is on the outskirts of Las Vegas, New Mexico, "in the beautiful mountains," and that he could see the flames and smoke get closer and closer to his home as he packed to evacuate. R. Martinez Notice of Loss at 4 (R. Martinez-AR-0029). All of the hotels in the area are booked, so he pays a friend to stay at the friend's house for three days before authorities notify that friend that the friend has to evacuate. See R. Martinez Notice of Loss at 4 (R. Martinez-AR-0029). R. Martinez then travels

to Santa Fe and rents a room there for a couple days before traveling to stay with an aunt in Albuquerque. See R. Martinez Notice of Loss at 4 (R. Martinez-AR-0029). In total, R. Martinez evacuates for a week. See R. Martinez Notice of Loss at 4 (R. Martinez-AR-0029). His home suffers from severe smoke and ash damages, which take approximately six months to clean. See R. Martinez Notice of Loss at 4 (R. Martinez-AR-0029).

FEMA maintains that the agency should not award any noneconomic damages, because, according to FEMA, the HPA does not provide compensation for noneconomic damages as a matter of law. See Final Letter of Determination for Claim No. 00008324 from FEMA to R. Martinez at 1 (dated April 20, 2024)(R. Martinez-AR-0002); Tr. at 7:6-8, 15-16 (Sydow). As discussed, a legal argument is not substantial evidence. Thus, the Court concludes that neither law nor substantial evidence supports the $0.00 noneconomic damages figure in the R. Martinez' Letter of Determination, which is the "final decision" under review here. HPA § 104(i)(1).

FEMA first offers R. Martinez a contingent award of $1,000.00 "for annoyance and inconvenience" damages related to R. Martinez' evacuation in its Brief. Brief at 16. Using the $17.00 per-diem rate for each day of evacuation per person, FEMA calculates a contingent award of $187.00 for annoyance and inconvenience damages for evacuation. See Brief at 16. Because this total is "lower than the $1,000 minimum amount that FEMA has employed in other awards of noneconomic damages," FEMA raises its contingent award offer to $1,000.00. Brief at 16. At the judicial review hearing, FEMA raises its contingent award to $10,312.50. See Tr. at 61:3-7 (Yang). As discussed above, FEMA's contingent award offers are not under § 104(i) substantial evidence review. FEMA's offer is, however, helpful to the Court's thinking and analysis. The Court nevertheless concludes that both FEMA's $1,000.00 offer and its increased $10,312.50 offer are not reasonable, because they do not accurately reflect the Martinez' discomfort, inconvenience, and annoyance. Beyond having to remain evacuated for a week, which includes several relocations

with his daughter, R. Martinez must deal with soot and ash damages for six months after he returns home. On the other hand, R. Martinez' request for $75,000.00 for the discomfort, inconvenience, and annoyance he has suffered is too much, given the economic damages that he has and from that inferring the level of inconvenience and annoyance that he faces. The Court accordingly modifies FEMA's final decision and enters $21,000.00 in noneconomic damages, because this amount is more in line with the discomfort and annoyance which R. Martinez faces, and more in line with damages awards given to claimants in similar positions. Added to FEMA's award of $6,451.29 of economic damages results in a total compensatory award of $27,451.29. This results in a claim preparation expenses award of $1,372.56. Totaled together, the Court modifies the award for R. Martinez to a total award of $28,823.85.

### D. THE COURT MODIFIES FEMA'S FINAL DECISION FOR GABALDON AND ENTERS $174,714.21 IN TOTAL COMPENSATION.

The Court modifies FEMA's final decision for Gabaldon and enters $174,714.21 in total compensation, which includes $75,000.00 in noneconomic nuisance damages. The parties agree that FEMA's final economic damages offer for Gabaldon is $91,394.49 and that Gabaldon challenges only FEMA's denial of her $75,000.00 non-economic nuisance damages request. See Final Letter of Determination for Claim No. 00006127 from FEMA to Gabaldon at 2 (dated April 10, 2024)(Gabaldon-AR-0156); Tr. at 63:7-12 (Court, Berkstresser). In FEMA's final Letter of Determination, FEMA awards $0.00 for noneconomic damages. See Final Letter of Determination for Claim No. 00006127 from FEMA to Gabaldon at 2 (Gabaldon-AR-0156). Neither the law nor substantial evidence supports giving Gabaldon $0.00 in non-economic damages. Gabaldon tells FEMA that she is a life-long resident of Las Vegas, New Mexico, who builds her home in 1981 with her now-deceased husband. See Gabaldon Notice of Loss Attachment # 1 -- Emotional Distress & Nuisance Damages (dated February 10, 2023)(Gabaldon-AR-0059)("Gabaldon Notice

of Loss Attachment # 1"). Gabaldon describes how, as the fire increased and came closer to her neighborhood, her home filled with "smoke, soot, ash, direct, and debris" and that she lived in "almost complete darkness as well for several months, due to the amount of smoke that filled the air." Gabaldon Notice of Loss Attachment # 1. Gabaldon evacuates and stays with a daughter in Rio Rancho, New Mexico, for approximately nine days. See Gabaldon Notice of Loss Attachment # 1. Upon her return to her home, heavy smoke and ash still filles the air, and it takes her "well over two weeks to clean the exterior and interior of my home and I had to wash every piece of clothing, linens, furniture, etc. to get the smoke smell out." Gabaldon Notice of Loss Attachment # 1. Finally, Gabaldon states that, "[f]rom May through August 2022, no one in Las Vegas was able to drink the water and I still do not trust it and do not drink it or use it for cooking." Gabaldon Notice of Loss Attachment # 1.

FEMA maintains that the agency should not award any noneconomic damages, because, according to FEMA, the HPA does not provide compensation for noneconomic damages as a matter of law. See Final Letter of Determination for Claim No. 00006127 from FEMA to Gabaldon at 1 (dated April 10, 2024)(Gabaldon-AR-0156); Tr. at 7:6-8, 15-16 (Sydow). As discussed, a legal argument is not substantial evidence. Thus, the Court concludes that neither law nor substantial evidence supports the $0.00 noneconomic damages figure in the Gabaldon's Letter of Determination, which is the "final decision" under review here. HPA § 104(i)(1).

FEMA first offers Gabaldon a contingent award of $1,038.24 "for annoyance and inconvenience" damages related to Gabaldon's evacuation and loss of use of real property in its Brief. Brief at 17. Using the same $17.00 per-diem for each day of evacuation, FEMA calculates a contingent award of $136.00 for annoyance and inconvenience damages for evacuation. See Brief at 17. Because Gabaldon receives $90,224.37 in compensation for real-property damages from FEMA, FEMA also calculates $902.24 in nuisance damages for "loss of use of her real

property." Brief at 17. The two awards together reach a total of $1,038.24 for noneconomic damages. At the judicial review hearing, FEMA argues that many of Gabaldon's noneconomic damages are accounted for in FEMA's award for economic damages. See Tr. at 66:5-8 (Yang)("[S]o I do find that a lot of these noneconomic damages are already encapsulated in her economic damages offers, now for her eight days of evacuation and she says two weeks of cleaning, actually."). FEMA offers $468.75 per day for eight days of evacuation, raising its contingent award to $3750.00. See Tr. at 67:1-8 (Yang). As discussed above, FEMA's contingent award offers are not under § 104(i) substantial evidence review. FEMA's offer is, however, helpful to the Court's thinking and analysis. The Court nevertheless concludes that both FEMA's $1,000.00 offer and its increased $3,750.00 offer are not reasonable, because they do not accurately reflect Gabaldon's discomfort, inconvenience, and annoyance. The Court determines that FEMA's contingent noneconomic damages offer focuses too much on just the evacuation, and ignores other inconveniences and nuisance damages, and therefore is too low. Gabaldon is an older woman in her 80s, who has to deal with the evacuation alone, and her difficulty breathing and her sleepless nights contribute to the annoyance and inconvenience of leaving her home where she has been a longtime resident. Beyond having to remain evacuated for over a week, Gabaldon must deal with the inconvenience of cleaning both the interior and exterior of her house over a timespan of weeks, along with navigating undrinkable water for months. The Court accordingly modifies FEMA's final decision and enters $75,000.00 in noneconomic damages, because this amount is more in line with the discomfort and annoyance which Gabaldon faces. Added to FEMA's award of $91,394.49 of economic damages results in a total compensatory award of $166,394.49. This results in a claim preparation expenses award of $8,319.72. Totaled together, the Court awards Gabaldon a total award of $174,714.21.

**IT IS ORDERED** that: (i) the Court limits its judicial review to materials presented to FEMA before FEMA rendered a judicially reviewable decision, because the Hermit's Peak Act provides that a claimant may seek judicial review of FEMA's "final decision," and a district court "shall" review that final decision "on the record made before the Administrator," HPA § 104(i)(1)-(2); (ii) the Court limits its judicial review to materials presented to FEMA before FEMA issued the decisions which the Court is reviewing -- which, in the Plaintiffs' cases, are the Letters of Determination -- because the Hermit's Peak Act provides that a district court "shall" review that final decision "on the record made before the Administrator," HPA § 104(i)(1)-(2); (iii) FEMA shall pay: (a) $20,746.64 to Plaintiff Spring Victoria Marquez, which includes $15,000.00 in non-economic nuisance damages; (b) $157,472.88 to Plaintiff Diane Lee Martinez, which includes $100,000.00 in noneconomic nuisance damages; (c) $27,773.85 to Plaintiff Rico Martinez, which includes $21,000.00 in noneconomic nuisance damages; and (d) $174,714.21 to Plaintiff Corinne Gabaldon, which includes $75,000.00 in noneconomic nuisance damages.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Benjamin Siminou
Gerald Singleton
Jonna Lothyan
Krystle Berkstresser
Singleton Schrieber
San Diego, California

--and--

Jacob Payne
Jesse Gallegos
Alexander Flores
Robert Sanchez
Brian Colon
Singleton Schrieber
Albuquerque, New Mexico

*Attorneys for Plaintiffs*

Todd Blanche
United States Attorney General
Ryan Ellison
First Assistant United States Attorney
Nicholas Sydow
Carrie Yang
Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Defendant*